IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
11/16/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

FERMIN ENRIQUE CHAVEZ MENDOZA,

Petitioner,

v.

Warden, Midwest Regional Reception Center;
Director, ICE; and
United States Attorney General,

Respondents.

Case No. 26-3388-JWL

# MEMORANDUM AND ORDER

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.[1]

Petitioner alleges that he is a native of Venezuela who has been detained since August 7, 2025, by immigration officials pending removal proceedings. He is presently in custody in this judicial district. On October 14, 2026, petitioner filed the instant habeas action; respondents have now filed an answer, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

[1] Because it is clear that petitioner is not entitled to relief, the Court in its discretion **denies** petitioner's motion for appointment of counsel (Doc. # 4). Because petitioner subsequently paid the applicable filing fee, his motion to proceed *in forma pauperis* (Doc. # 3) is hereby **denied as moot**.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner claims that his prolonged detention violates due process because he has not been given a bond hearing. In its answer, the Government represents that petitioner is now being detained under 8 U.S.C. § 1226(a), which allows for discretionary release on bond, as evidenced by a written notice of a custody determination conducted under that statute. Thus, the Government, while arguing that petitioner cannot now succeed on his claim as stated, has conceded in effect that petitioner is entitled to a review by an immigration judge of his request for release on bond. Petitioner notes in his traverse that he has not yet received a bond hearing under Section 1226(a); but such a hearing is available to petitioner upon request to the immigration court, and petitioner has not shown that any such request has been denied. Accordingly, the Court denies petitioner's claim that he is being improperly detained without a bond hearing. Moreover, petitioner has not identified any other process that he has been improperly denied, and the Court has previously held that the procedures available under Section 1226(a) satisfy due process. *See Colmenares Silva v. Blanche*, 2026 WL 3118281, at *2 (D. Kan. Oct. 19, 2026) (Lungstrum, J.) (rejecting the claim that the Government should bear a heightened burden of proof at an initial bond hearing under Section 1226(a)). Thus, the Court denies

petitioner's procedural due process claim. Finally, the Court denies petitioner's substantive due process claim, as the issue whether petitioner's detention is justified by dangerousness or a risk of flight may be challenged at a bond hearing.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for appointment of counsel (Doc. # 4) is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to proceed *in forma pauperis* (Doc. # 3) is hereby **denied as moot**.

IT IS SO ORDERED.

Dated this 16th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge